

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 18    404 |
| **Plaintiff** | |
| | **CIVIL NO.** |
| **vs.** | |
| **DAVID N. CHOQUETTE JR.**<br>**CRYSTAL GARNER f/k/a CRYSTAL G.**<br>**BRYAN a/k/a CRYSTAL G.**<br>**CHOQUETTE** | |
| **Defendants** | |

## COMPLAINT

The United States of America, on behalf of its Agency, the Rural Housing Service, by its specially appointed counsel, Rebecca A. Solarz of KML LAW GROUP, P.C., represents as follows:

1.      This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2.      The last-known address(es) of the Defendants, DAVID N. CHOQUETTE JR. and CRYSTAL GARNER f/k/a CRYSTAL G. BRYAN a/k/a CRYSTAL G. CHOQUETTE ("Defendants") are 1953 Misty Drive, Mount Joy, PA 17552.

3.      On or about March 13, 1995, at the special instance and request of DAVID N. CHOQUETTE JR. and CRYSTAL GARNER f/k/a CRYSTAL G. BRYAN a/k/a CRYSTAL G. CHOQUETTE, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United

States Department of Agriculture, ("Plaintiff"), loaned to the Defendants the sum of $95,000.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4.      As evidence of the indebtedness, Defendants executed and delivered to the Plaintiff, a Promissory Note dated March 13, 1995 in the amount of $95,000.00.  A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5.      Defendants, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about March 13, 1995, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on  March 16, 1995 with the Office of the Recorder of Deeds, Lancaster County, Pennsylvania, in book 4586 page 0385.  A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6.      Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

7.      The Promissory Note dated March 13, 1995 was re-amortized on August 13, 2000, in the amount of $105,618.16. The Re- Amortization Agreement was subsequently lost.  An Affidavit of Lost Re-Amortization Agreement was executed January 5, 2018. A true copy of the Lost Re-Amortization Agreement and re-amortization agreement is attached and incorporated as Exhibit "C" (Lost Re-Amortization Agreement).

8.      The Promissory Note dated March 13, 1995 was re-amortized on August 13, 2000, in the amount of $95,936.98. The Re- Amortization Agreement was

subsequently lost.  An Affidavit of Lost Re-Amortization Agreement was executed

January 5, 2018. A true copy of the Lost Re-Amortization Agreement and re-

amortization agreement is attached and incorporated as Exhibit "D" (Lost Re-

Amortization  Agreement 2).

9.      The property secured by the Mortgage is known as 1953 Misty Drive

Mount Joy, PA 17552 and is more fully described in the legal description attached and

incorporated as Exhibit "E" ("Property").  The property subject to foreclosure is within

the jurisdiction of this Court.

10.      The Note and Mortgage are in default as Defendants have failed or refused

to comply with the provisions of the Note and Mortgage, as follows:  (a) failed or refused

to pay the installments of principal and interest when due; (b) failed or refused to pay real

estate taxes when due; and (c) failed to maintain the security of the Property.

11.      Due to the breaches of the provisions and conditions of the Note and

Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note

and Mortgage to be immediately due and payable.

12.      The amounts due and owing to Plaintiff on the Note and Mortgage are as

follows:

| | |
|---|---:|
| PRINCIPAL BALANCE | $86,368.84 |
| Interest from 08/13/2015 to 08/17/2017 at 8.7500% | $15,218.10 |
| Interest Recapture | $70,840.50 |
| Late Charges | $76.08 |
| Escrow Advanced | $2,522.36 |
| | $175,025.88 |
| Fees Required with Payoff Funds | +$392.05 |
| Fees Currently Assessed | +$21,382.29 |
| | $196,800.22 |

13.     Plaintiff mailed to Defendants a Notice of Intention to Foreclose by certified mail, to their last-known address on the date shown on the copy of the Notice attached and incorporated as Exhibit "F" ("Notice").

14.     No other action has been brought at law or in equity to enforce the provisions of the Note and Mortgage, and that all conditions precedent to the bringing of the action have been performed or have occurred.  Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

**WHEREFORE**, the Plaintiff demands judgment as follows:

Defendants and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such money applicable thereto will pay the same;   the Plaintiff shall have such other and further relief, or both, in the property as shall be just and equitable.

United States of America by and through
its specially assigned counsel
KML Law Group, P.C.

By:_____
Rebecca A. Solarz
BNY Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6327
(215)825-6443
RSolarz@kmllawgroup.com

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | **CIVIL NO.** |
| **vs.** | |
| **DAVID N. CHOQUETTE JR.**<br>**CRYSTAL GARNER f/k/a CRYSTAL G.**<br>**BRYAN a/k/a CRYSTAL G.**<br>**CHOQUETTE** | |
| **Defendants** | |

# **EXHIBITS**

"A"  NOTE
"B"  MORTGAGE
"C"  LOST RE-AMORTIZATION AGREEMENT
"C"  LOST RE-AMORTIZATION AGREEMENT 2
"E"  PROPERTY
"F"  NOTICE OF INTENTION TO FORECLOSE

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

| TYPE OF LOAN | | STATE ████████████ |
| --- | --- | --- |
| **RURAL HOUSING** | | COUNTY ████████ |
| | | CASE NO ████████ |

Date March 13, _____, 19 95

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

**1383 Arcadia Road, Lancaster, PA   17601** _____

THE PRINCIPAL SUM OF **NINETY FIVE THOUSAND AND 00/100**

DOLLARS ($**95,000.00**_____), plus INTEREST on the UNPAID PRINCIPAL of

**EIGHT AND THREE QUARTER**_____  **8.75**

_____ PERCENT (_____ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☑ I.   Principal and Interest payments shall be deferred. The interest accrued to **July 22,** _____, 19 **95**

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in __392___ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ __95,224.16_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____.

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III.   Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

$ _738.00_____ on **August 13,** _____, 19 **95**, and

$ _738.00_____thereafter on the **13th** of each **month**
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE **THIRTY THREE** (**33**_____) YEARS
from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Exhibit "A"

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

_David N. Choquette Jr._ (BORROWER)    (SEAL)

David N. Choquette, Jr.

_Crystal G. Choquette_ (CO-BORROWER)    (SEAL)

Crystal G. Choquette

~~911 Hartnett Road~~

~~Morheim, PA  17345~~

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $24,900.00 | 3-13-95 | (8) $ | | (15) $ | |
| (2) $7,150.00 | 3-27-95 | (9) $ | | (16) $ | |
| (3) $12,198.00 | 3-31-95 | (10) $ | | (17) $ | |
| (4) $4,907.00 | 5-1-95 | (11) $ | | (18) $ | |
| (5) $45,845.00 | 5-9-95 | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $95,000.00 | |



USDA-FmHA
Form FmHA 1927-1 PA
(Rev. 8-92)



Position 5

MAR 16 1995

**995012280**       REAL ESTATE MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE is made and entered into by   DAVID N. CHOQUETTE, JR. and

CRYSTAL G. CHOQUETTE, husband and wife,

residing in   Lancaster                                    County, Pennsylvania, whose post office address is

911 Earhart Road, Manheim,                                          17545
                                                        , Pennsylvania                          ,

herein called "Borrower," and The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the Mortgagee, whose principal office is located in Washington, D.C., herein called the "Government," and:

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| March 13, 1995 | $95,000.00 | 8.75% | March 13, 2028 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §§ 1472 (g) or 1490a, respectively, or any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign, and forever warrant unto the Government the following property situated in the State of

Pennsylvania, County(ies) of                       Lancaster                                          :

SEE DESCRIPTION ATTACHED

RECORDED OR FILED
95 MAR 16 AM10:40
RECORDER OF DEEDS
LANCASTER, PA.

FmHA 1927-1 PA (Rev. 8-92)

4586    0385

ALL THAT CERTAIN lot or tract of land being situate on the
north side of Misty Drive in the Township of Mount Joy, County of
Lancaster and Commonwealth of Pennsylvania, said lot being known
as Lot No. 54, Block "D" on a Final Plan of Lots of Section No. 2
of Cloverleaf Station prepared for K. Murphy & Co. by Henry I.
Strausser, Professional Land Surveyor, dated March 10, 1987 and
revised March 27, 1987, said plan being known as Drawing No.  PM-
443-A, said plan being recorded in the Recorder of Deeds Office in
Lancaster, Pennsylvania in Subdivision Plan Book No. J-154 on Page
No.  30, said lot being more fully bounded and described as
follows:

BEGINNING at an iron pin in the north line of Misty Drive a corner
of Lot No. 55, Block "D", said iron pin being located at a
distance of 468.17 feet east of a point located at the
intersection of the east line, extended, of Andrew Avenue and the
north line, extended, of Misty Drive; thence along Lot No. 55,
Block "D", North 12 degrees, 31 minutes and 42 seconds West, a
distance of 150.00 feet to an iron pin in line of Lot No. 32,
Block "D"; thence along Lot No. 32, Block "D" and passing along
the centerline of a 20.00 foot wide drainage easement, North 77
degrees, 28 minutes and 18 seconds East, a distance of 100.00 feet
to an iron pin, a corner of Lot No. 53, Block "D"; thence along
Lot No. 53, Block "D", South 12 degrees, 31 minutes and 42 seconds
East, a distance of 150.00 feet to an iron pin in the north line
of Misty Drive; thence along the north line of Misty Drive, South
77 degrees, 28 minutes and 18 seconds West, a distance of 100.00
feet to the point and place of Beginning.

Containing:  15,000.00 Square Feet

4586   0386



I Certify This Document To Be
Recorded in Lancaster Co., Pa.



*Ronald N. Cohen*

**Recorder of Deeds**

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

This is a purchase money mortgage under the lien priority laws of the Commonwealth of Pennsylvania, as amended.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harm-less the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Govern-ment, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Bor-rower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and pay-able by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Govern-ment determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)    To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)    To comply with all laws, ordinances, and regulations affecting the property.

(11)    To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms required by statute or determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(23) THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN; AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

4586    0388

(24)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(25)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other is address is designated in a notice so given, in the case of the Government to Farmers Home Administration, One Credit Union Place, Suite 330, Harrisburg, Pennsylvania 17110-2996, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(26)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this ____13th____ day

of __March__ , 19 95 .

Signed, sealed, and delivered in the
presence of:

David N. Choquette, Jr. _____ (SEAL)

Crystal G. Choquette _____ (SEAL)

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA

COUNTY OF __LANCASTER__ } ss:

On this ____13th____ day of __March__ , 19 95 , before me, the undersigned, a Notary

Public in and for said State and County, personally appeared __David N. Choquette, Jr. and Crystal G. Choquette, husband and wife,__

known (or satisfactorily proved) to me to be the person(s) whose name(s) __are__ subscribed to the within

instrument, and acknowledged to me that __they__ executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

NOTARIAL SEAL
DEBORAH J. KLIM, Notary Public
Elizabethtown Boro, Lancaster Co.
My commission Expires Sept. 24, 1996

_Deborah J. Klim_
Notary Public.

(NOTORIAL SEAL)

## RESIDENCE CERTIFICATE

I certify that the precise residence of the within-named Mortgagee is XXXXXXXXXXXXXX

1383 Arcadia Rd., Lancaster, PA 17601

*U.S. GOVERNMENT PRINTING OFFICE: 1984-0-356-601

_For Mortgagee_

4586   0389

## AFFIDAVIT OF LOST REAMORTIZATION AGREEMENT

STATE OF MISSOURI )
)
COUNTY OF ST. LOUIS )

I, Thomas B. Herron, being first duly sworn, say:

1. I am the Director of the Default Management Branch of the Rural Housing Service, and have been duly authorized by the Secretary of the Department of Agriculture to make this Affidavit.

2. **David Choquette Jr and Crystal G. Choquette**, executed a certain Reamortization Agreement dated effective August 13, 2000 in the principal amount of $95,224.16, which is payable to the United States of America, acting through the Rural Housing Service, United States Department of Agriculture (formerly known as the Farmers Administration).
A copy of the form of said Reamortization Agreement is attached hereto and made a part hereof.

3. After due and diligent search, a signed copy of the aforesaid Reamortization Agreement cannot be found and is presumed lost.

4. I acknowledge and hereby state on behalf of the United States of America that the aforementioned borrower, **David Choquette Jr. and Crystal G. Choquette,** are presently obligated on said Reamortization Agreement.

I certify that the foregoing statements made by me are true. I am aware that if any of the aforesaid statements made by me are willfully false, I am subject to punishment for perjury.

Date: January 5, 2018

Thomas B. Herron
Director, Default Management Branch
Rural Housing Service
U. S. Dept. of Agriculture

Sworn to and subscribed to before me this 5th day of January, 2018.

(SEAL)

STACEY WIDMANN
Notary Public - Notary Seal
STATE OF MISSOURI
Jefferson County
My Commission Expires: Mar. 31, 2020
Commission # 14435907

Notary Public

My commission expires: 3/31/20

Exhibit "C"

## REAMORTIZATION AGREEMENT

Account Number                           Effective Date
                                         August 13, 2000



The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $    95224.16, plus interest on the unpaid principal of
  8.75000% per year, executed by DAVID CHOQUETTE JR              and
CRYSTAL G CHOQUETTE                , (Borrower) dated    March 13, 1995
and payable to the order of the Lender.  The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.  The total outstanding balance is $   105618.16.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  8.75000%
per annum at $     846.57 per month beginning September 13, 2000 and on
THE 13rd DAY OF each succeeding month until the principal
AND INTEREST ARE PAID, EXCEPT THAT THE final installment of the
entire debt, if not paid sooner, will be due and payable on
    March 13, 2028.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.  These items are called "Escrow Items."  Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.  If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.  Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.

The funds shall be held by a federal agency, including Lender, or in an
institution whose deposits are insured by a federal agency,
instrumentality, or entity.  Lender shall apply funds to pay the Escrow
Items.  Lender may not charge Borrower for holding and applying the
Funds, annually analyzing the escrow account, or verifying the Escrow
Items, unless Lender pays Borrower interest on the Funds and applicable
law permits the Lender to make such charge.  However, Lender may require

1234567890123 L9213000

borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____ Date _____
Borrower

_____ Date _____
Borrower

## AFFIDAVIT OF LOST REAMORTIZATION AGREEMENT

STATE OF MISSOURI      )
                                  )

COUNTY OF ST. LOUIS    )

I, Thomas B. Herron, being first duly sworn, say:

1.    I am the Director of the Default Management Branch of the Rural Housing Service, and have been duly authorized by the Secretary of the Department of Agriculture to make this Affidavit.

2.    **David Choquette Jr and Crystal G. Choquette**, executed a certain Reamortization Agreement dated effective December 13, 2012 in the principal amount of $95,224.16, which is payable to the United States of America, acting through the Rural Housing Service, United States Department of Agriculture (formerly known as the Farmers Administration).
A copy of the form of said Reamortization Agreement is attached hereto and made a part hereof.

3.    After due and diligent search, a signed copy of the aforesaid Reamortization Agreement cannot be found and is presumed lost.

4.    I acknowledge and hereby state on behalf of the United States of America that the aforementioned borrower, **David Choquette Jr. and Crystal G. Choquette**, are presently obligated on said Reamortization Agreement.

I certify that the foregoing statements made by me are true. I am aware that if any of the aforesaid statements made by me are willfully false, I am subject to punishment for perjury.

Date:   January 5, 2018

Thomas B. Herron
Director, Default Management Branch
Rural Housing Service
U. S. Dept. of Agriculture

Sworn to and subscribed to before me this 5th day of January, 2018.

(SEAL)

STACEY WIDMANN
Notary Public - Notary Seal
STATE OF MISSOURI
Jefferson County
My Commission Expires: Mar. 31, 2018
Commission # 14435907

Notary Public

My commission expires: 3/31/18

Exhibit "D"

## REAMORTIZATION AGREEMENT

Account Number

Effective Date
December 13, 2012

The United States of America, acting through the Rural Housing Service, United States Department of Agriculture (Lender), is the owner and holder of a promissory note or assumption agreement (Note) in the principal sum of $    95224.16, plus interest on the unpaid principal of 8.75000% per year, executed by DAVID CHOQUETTE JR.                and CRYSTAL G BRYAN             , (Borrower) dated     March 13,  1995 and payable to the order of the Lender. The current outstanding balance includes unpaid principal, accrued unpaid interest, unpaid advances and fees. The total outstanding balance is $    95936.98.

In consideration of the reamortization of the note or assumption agreement and the promises contained in this agreement, the outstanding balance is capitalized and is now principal to be repaid at 8.75000% per annum at $     951.24 per month beginning   January 13, 2013 and on THE 13rd DAY OF each succeeding month until the principal AND INTEREST ARE PAID, EXCEPT THAT THE final installment of the entire debt, if not paid sooner, will be due and payable on
    March 13, 2028.

If the outstanding loan balance prior to reamortization was reduced by a payment which was later determined to be uncollectible, Rural Housing Service will charge the account with an amount equal to the uncollectible payments. This amount is due and payable on the effective date it is charged to the account and may accrue interest at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes and assessments which may attain priority over Lender's mortgage or deed of trust (Security Instrument) as a lien on the secured property described in the Security Agreement (Property); (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan, may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the funds sets a lesser amount. If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge. However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____ Date 6/18/13
Borrower

_____ Date _____
Borrower

ALL THAT CERTAIN lot or tract of land being situate on the north side of Misty Drive in the Township of Mount Joy, County of Lancaster and Commonwealth of Pennsylvania, said lot being known as Lot No. 54, Block "D" on a Final Plan of Lots of Section No. 2 of Cloverleaf Station prepared for Y. Murphy & Co. by Henry I. Strausser, Professional Land Surveyor, dated March 10, 1987 and revised March 27, 1987, said plan being known as Drawing No. PM-443-A, said plan being recorded in the Recorder of Deeds Office in Lancaster, Pennsylvania in Subdivision Plan Book No. J-154 on Page No. 30, said lot being more fully bounded and described as follows:

BEGINNING at an iron pin in the north line of Misty Drive a corner of Lot No. 55, Block "D", said iron pin being located at a distance of 468.17 feet east of a point located at the intersection of the east line, extended, of Andrew Avenue and the north line, extended, of Misty Drive; thence along Lot No. 55, Block "D", North 12 degrees, 31 minutes and 42 seconds West, a distance of 150.00 feet to an iron pin in line of Lot No. 32, Block "D"; thence along Lot No. 32, Block "D" and passing along the centerline of a 20.00 foot wide drainage easement, North 77 degrees, 28 minutes and 18 seconds East, a distance of 100.00 feet to an iron pin, a corner of Lot No. 53, Block "D"; thence along Lot No. 53, Block "D", South 12 degrees, 31 minutes and 42 seconds East, a distance of 150.00 feet to an iron pin in the north line of Misty Drive; thence along the north line of Misty Drive, South 77 degrees, 28 minutes and 18 seconds West, a distance of 100.00 feet to the point and place of Beginning.

Containing: 15,000.00 Square Feet

Exhibit "E"

4586   0386

**United States Department of Agriculture**

November 27, 2015

**Rural Development**

Centralized Servicing
Center

4300 Goodfellow
Blvd. PO Box 66827
St. Louis, MO 63166
Voice 800-793-8861
800-438-1832
(TDD/TTY  Hearing
Impaired Only) or
Fax 314-457-4450

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
DAVID CHOQUETTE JR

1102 FAIRVIEW ROAD

MANHEIM                   PA        17545

Subject: **NOTICE OF ACCELERATION OF YOUR RURAL HOUSING
SERVICE LOAN(S); NOTICE OF INTENT TO FORECLOSE; AND
NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING
CONCERNING THIS ACTION.**

Dear BORROWER(S):

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s)
and /or assumption agreement(s) which evidence the loan(s) received by you from
the United States of America, acting through the United States Department of
Agriculture Rural Housing Service (RHS), formerly Farmers Home Administration,
is now declared immediately due and payable.  If payment in full is not made, the
RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure
the indebtedness by foreclosure of its lien(s) on your house.

| **Account Number(s)** | **Date of Instruments** | **Amount** |
|---|---|---|
|  | March 13, 1995 | $ 95,000.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the
debts(s) owed by you to RHS so nothing contained in this notice should be
construed as an attempt by RHS to collect or enforce the debt(s) as your personal
obligation. However, RHS is entitled to collect the debt(s) by way of foreclosure of
its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority
granted in the above-described instrument(s).  The reason(s) for the acceleration of
your indebtedness is (are) as follows:

**MONETARY DEFAULT**

The balance of the account is $  86,368.84          unpaid principal and  2,270.80
unpaid interest as of  11/27/2015      plus additional interest accruing at the rate of
20.7049        per day thereafter, plus additional advances to be made by the

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (PDF),
found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form.
You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by
mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410,
by fax (202) 690-7442 or email at program.intake@usda.gov.

Exhibit "F"

United States for the protection of its security, the interest accruing on any such advances, fees or late charges, and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashiers check, certified check, or postal money orders payable to the Rural Housing Service and mailed to the following address:**

> **USDA/CENTRALIZED SERVICING CENTER**
> **P.O. Box 790170**
> **St Louis, Missouri 63179-0170**

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment **WILL NOT CANCEL** the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss the decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than December 12, 2015 Request which is postmarked by the U.S. Postal Service on or before that date will be considered a timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights).

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING**- If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests, which are postmarked by the U.S. Postal Service on or before that date, will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your USDA, Rural Development loan with a private or commercial lender; (2) selling the property for its fair market value and applying the proceeds to your loan; (3) transferring the loan and the property to an eligible or an ineligible applicant with USDA, Rural Development approval or (4) conveying the property to

the government, if title is merchantable. Please contact our Centralized Servicing Center office at **1 (800) 793-8861**, if you desire to satisfy your loan by one of the above methods.
You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you can legally sign a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you exercised your rights under the Consumer Credit Protection Act. You must have exercised these rights in good faith. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 205800

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

Thomas B. Herron, Director, Default Management Branch

Date: November 27, 2015

Attachment
cc: State Office

This letter was mailed certified and regular mailed on November 27, 2015

**USDA**

**United States Department of Agriculture**

November 27, 2015

**Rural Development**

Centralized Servicing
Center

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
DAVID CHOQUETTE JR

1953 MISTY DR

MOUNT JOY          PA          17552-9628

Subject: **NOTICE OF ACCELERATION OF YOUR RURAL HOUSING**
**SERVICE LOAN(S); NOTICE OF INTENT TO FORECLOSE; AND**
**NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING**
**CONCERNING THIS ACTION.**

4300 Goodfellow
Blvd. PO Box 66827
St. Louis, MO 63166
Voice 800-793-8861
800-438-1832
(TDD/TTY Hearing
Impaired Only) or
Fax 314-457-4450

Dear BORROWER(S):

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s)
and /or assumption agreement(s) which evidence the loan(s) received by you from
the United States of America, acting through the United States Department of
Agriculture Rural Housing Service (RHS), formerly Farmers Home Administration,
is now declared immediately due and payable. If payment in full is not made, the
RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure
the indebtedness by foreclosure of its lien(s) on your house.

| **Account Number(s)** | **Date of Instruments** | **Amount** |
|---|---|---|
| ███ | March 13, 1995 | $ 95,000.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the
debts(s) owed by you to RHS so nothing contained in this notice should be
construed as an attempt by RHS to collect or enforce the debt(s) as your personal
obligation. However, RHS is entitled to collect the debt(s) by way of foreclosure of
its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority
granted in the above-described instrument(s). The reason(s) for the acceleration of
your indebtedness is (are) as follows:

**MONETARY DEFAULT**

The balance of the account is $ 86,368.84          unpaid principal and  2,270.80
unpaid interest as of  11/27/2015      plus additional interest accruing at the rate of
20.7049        per day thereafter, plus additional advances to be made by the

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (PDF),
found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form.
You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by
mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410,
by fax (202) 690-7442 or email at program.intake@usda.gov.

United States for the protection of its security, the interest accruing on any such advances, fees or late charges, and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashiers check, certified check, or postal money orders payable to the Rural Housing Service and mailed to the following address:**

**USDA/CENTRALIZED SERVICING CENTER**
**P.O. Box 790170**
**St Louis, Missouri 63179-0170**

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment **WILL NOT CANCEL** the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss the decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than December 12, 2015 Request which is postmarked by the U.S. Postal Service on or before that date will be considered a timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights).

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING**- If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests, which are postmarked by the U.S. Postal Service on or before that date, will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your USDA, Rural Development loan with a private or commercial lender; (2) selling the property for its fair market value and applying the proceeds to your loan; (3) transferring the loan and the property to an eligible or an ineligible applicant with USDA, Rural Development approval or (4) conveying the property to

the government, if title is merchantable. Please contact our Centralized Servicing Center office at **1 (800) 793-8861**, if you desire to satisfy your loan by one of the above methods.
You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you can legally sign a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you exercised your rights under the Consumer Credit Protection Act. You must have exercised these rights in good faith. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 205800

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

Thomas B. Herron, Director, Default Management Branch

Date: November 27, 2015

Attachment
cc: State Office

This letter was mailed certified and regular mailed on November 27, 2015

**USDA** United States Department of Agriculture

November 27, 2015

**Rural Development**

Centralized Servicing
Center

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
CRYSTAL G BRYAN
CRYSTAL GARNER
1102 FAIRVIEW ROAD

MANHEIM                PA          17545

Subject: **NOTICE OF ACCELERATION OF YOUR RURAL HOUSING
SERVICE LOAN(S); NOTICE OF INTENT TO FORECLOSE; AND
NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING
CONCERNING THIS ACTION.**

4300 Goodfellow
Blvd. PO Box 66827
St. Louis, MO 63166
Voice 800-793-8861
800-438-1832
(TDD/TTY Hearing
Impaired Only) or
Fax 314-457-4450

Dear BORROWER(S):

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s)
and /or assumption agreement(s) which evidence the loan(s) received by you from
the United States of America, acting through the United States Department of
Agriculture Rural Housing Service (RHS), formerly Farmers Home Administration,
is now declared immediately due and payable. If payment in full is not made, the
RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure
the indebtedness by foreclosure of its lien(s) on your house.

| <u>Account Number(s)</u> | <u>Date of Instruments</u> | <u>Amount</u> |
|---|---|---|
|  | March 13, 1995 | $ 95,000.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the
debts(s) owed by you to RHS so nothing contained in this notice should be
construed as an attempt by RHS to collect or enforce the debt(s) as your personal
obligation. However, RHS is entitled to collect the debt(s) by way of foreclosure of
its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority
granted in the above-described instrument(s). The reason(s) for the acceleration of
your indebtedness is (are) as follows:

### MONETARY DEFAULT

The balance of the account is $  86,368.84          unpaid principal and  2,270.80
unpaid interest as of  11/27/2015        plus additional interest accruing at the rate of
20.7049          per day thereafter, plus additional advances to be made by the

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (PDF),
found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form.
You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by
mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410,
by fax (202) 690-7442 or email at program.intake@usda.gov.

United States for the protection of its security, the interest accruing on any such advances, fees or late charges, and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashiers check, certified check, or postal money orders payable to the Rural Housing Service and mailed to the following address:**

> **USDA/CENTRALIZED SERVICING CENTER**
> **P.O. Box 790170**
> **St Louis, Missouri 63179-0170**

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment **WILL NOT CANCEL** the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss the decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than December 12, 2015 Request which is postmarked by the U.S. Postal Service on or before that date will be considered a timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights).

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING**- If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests, which are postmarked by the U.S. Postal Service on or before that date, will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your USDA, Rural Development loan with a private or commercial lender; (2) selling the property for its fair market value and applying the proceeds to your loan; (3) transferring the loan and the property to an eligible or an ineligible applicant with USDA, Rural Development approval or (4) conveying the property to

the government, if title is merchantable. Please contact our Centralized Servicing Center office at **1 (800) 793-8861**, if you desire to satisfy your loan by one of the above methods.
You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you can legally sign a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you exercised your rights under the Consumer Credit Protection Act. You must have exercised these rights in good faith. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 205800

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

Thomas B. Herron, Director, Default Management Branch

Date:  November 27, 2015

Attachment
cc: State Office

This letter was mailed certified and regular mailed on November 27, 2015

**USDA**

**United States Department of Agriculture**

November 27, 2015

**Rural Development**

Centralized Servicing
Center

**CERTIFIED MAIL RETURN RECEIPT REQUESTED**
CRYSTAL G BRYAN
CRYSTAL GARNER
1953 MISTY DR

MOUNT JOY          PA          17552-9628

4300 Goodfellow
Blvd. PO Box 66827
St. Louis, MO 63166
Voice 800-793-8861
800-438-1832
(TDD/TTY  Hearing
Impaired Only) or
Fax 314-457-4450

Subject: **NOTICE OF ACCELERATION OF YOUR RURAL HOUSING
SERVICE LOAN(S); NOTICE OF INTENT TO FORECLOSE; AND
NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING
CONCERNING THIS ACTION.**

Dear BORROWER(S):

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s)
and /or assumption agreement(s) which evidence the loan(s) received by you from
the United States of America, acting through the United States Department of
Agriculture Rural Housing Service (RHS), formerly Farmers Home Administration,
is now declared immediately due and payable.  If payment in full is not made, the
RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure
the indebtedness by foreclosure of its lien(s) on your house.

| **Account Number(s)** | **Date of Instruments** | **Amount** |
|---|---|---|
| ■ | March 13, 1995 | $ 95,000.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the
debts(s) owed by you to RHS so nothing contained in this notice should be
construed as an attempt by RHS to collect or enforce the debt(s) as your personal
obligation. However, RHS is entitled to collect the debt(s) by way of foreclosure of
its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority
granted in the above-described instrument(s).  The reason(s) for the acceleration of
your indebtedness is (are) as follows:

**MONETARY DEFAULT**

The balance of the account is $  86,368.84            unpaid principal and  2,270.80
unpaid interest as of  11/27/2015      plus additional interest accruing at the rate of
20.7049          per day thereafter, plus additional advances to be made by the

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (PDF),
found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form.
You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by
mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410,
by fax (202) 690-7442 or email at program.intake@usda.gov.

United States for the protection of its security, the interest accruing on any such advances, fees or late charges, and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashiers check, certified check, or postal money orders payable to the Rural Housing Service and mailed to the following address:**

**USDA/CENTRALIZED SERVICING CENTER**
**P.O. Box 790170**
**St Louis, Missouri 63179-0170**

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment **WILL NOT CANCEL** the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss the decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than December 12, 2015 Request which is postmarked by the U.S. Postal Service on or before that date will be considered a timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights).

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING**- If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests, which are postmarked by the U.S. Postal Service on or before that date, will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your USDA, Rural Development loan with a private or commercial lender; (2) selling the property for its fair market value and applying the proceeds to your loan; (3) transferring the loan and the property to an eligible or an ineligible applicant with USDA, Rural Development approval or (4) conveying the property to

the government, if title is merchantable. Please contact our Centralized Servicing Center office at **1 (800) 793-8861**, if you desire to satisfy your loan by one of the above methods.
You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you can legally sign a contract).  You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you exercised your rights under the Consumer Credit Protection Act.  You must have exercised these rights in good faith. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 205800

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

Thomas B. Herron, Director, Default Management Branch

Date:  November 27, 2015

Attachment
cc: State Office

This letter was mailed certified and regular mailed on November 27, 2015

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

5:18-cv-404

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

18 404

## I. (a) PLAINTIFFS

The United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KML Law Group, P.C. – Rebecca A. Solarz, Esquire
701 Market Street, Ste. 5000, Phila., PA 19106
215-627-1322, RSolarz@kmllawgroup.com

## DEFENDANTS
DAVID N. CHOQUETTE JR. & CRYSTAL GARNER f/k/a CRYSTAL G. BRYAN a/k/a CRYSTAL G. CHOQUETTE
1953 Misty Drive, Mount Joy, PA 17552

County of Residence of First Listed Defendant    Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☒ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1471
Brief description of cause:
Action of Mortgage Foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

JAN 31 2018

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 1/19/18 | |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# EGS

## UNITED STATES DISTRICT COURT

**18    404**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case of the purpose of assignment to appropriate calendar.

Address of Plaintiff: _c/o Suite 5000 – BNY Independence Center, 701 Market Street, Philadelphia, PA 10106-1532_

Address of Defendants: _1953 Misty Drive Mount Joy, PA 17552_

Place of Accident, Incident or Transaction: _ACTION OF MORTGAGE FORECLOSURE OF REAL PROPERTY_
(Use Reverse Side For Additional Space)

Does this case involve multi-district litigation possibilities?                                        Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cass are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes ☐     No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes ☐     No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
    Yes ☐     No ☒

CIVIL. (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases*
1.  ☐ Indemnity Contract, Manne contract, and All Other Contracts
2.  ☐ FELA
3.  ☐ Jones Act-Personal Injury
4.  ☐ Antitrust
5.  ☐ Patent
6.  ☐ Labor-Management Relations
7.  ☐ Civil rights
8.  ☐ Habeas Corpus
9.  ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) **Foreclosure of property encumbered by a federal mortgage.**

B.  *Diversity Jurisdiction Cases:*
1.  Insurance contract and Other Contracts
2.  Airplane Personal Injury
3.  Assault, Defamation
4.  Marine Personal Injury
5.  Motor Vehicle Personal Injury
6.  Other Personal Injury (Please specify)
7.  Products Liability
8.  Products Liability – Asbestos
9.  All other diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, _Rebecca A. Solarz, Esq._, counsel of record do here by certify:

☐ Pursuant to Local civil Rule 52.2. Section 2©(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: _1/19/18_                     _____ (sig)          _315936_
                                    Attorney-at-Law                 Attorney i.d.#

### NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 39.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _1/19/18_                     _____ (sig)          _315936_
                                    Attorney-at-Law                 Attorney i.d.#

CIV 609 (9/99)

JAN 31 2018

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

                      Plaintiff

       vs.

DAVID N. CHOQUETTE JR.
CRYSTAL GARNER f/k/a CRYSTAL G. BRYAN
a/k/a CRYSTAL G. CHOQUETTE

                      Defendants

CIVIL ACTION NO.

**18 404**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendants do not agree with the plaintiff regarding said designation, that the defendants shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendants believe the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C.
§2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a
decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury
or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks
(a) through (d) that are commonly referred to as complex
and that need special or intense management by the court.
(See reverse side of this form for a detailed explanation of
special management cases.) ( )

(f) Standard Management -- Cases that do not fall into
any one of the other tracks. (X)

<u>1/19/2018</u>
   Date

 

**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 315936
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 825-6327 (Direct)
FAX (215) 825-6443
rsolarz@kmllawgroup.com

JAN 3 1 2018